IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GARY LEE RAVENSCROFT,
    Plaintiff,

v.                                                Civil No. 3:24cv346 (DJN)

OFFICE OF FREDRICK COUNTY COMMISSIONS, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Plaintiff, a West Virginia inmate proceeding *pro se*, submitted a Notice of Filing of Lawsuit Seeking Punitive and Compensatory Damages Pursuant to 42 U.S.C.S. 1983. (ECF No. 1.)[1] By Memorandum Order entered on June 13, 2024, the Court conditionally docketed the action. (ECF No. 2.) In that Memorandum Order the Court explained as follows:

> Plaintiff is incarcerated in West Virginia, nearly all Defendants reside within the Western District of Virginia, and the events giving rise to this action are alleged to have occurred in the Western District of Virginia. Although Plaintiff names the Office of the Attorney General, it is unclear how it was involved in any of the actions alleged. Thus, pursuant to 28 U.S.C. § 1391(b), it appears that the proper venue for this action in the Western District of Virginia and not in the Eastern District of Virginia. Accordingly, within thirty (30) days of the date of entry hereof, Plaintiff must show good cause as to why the action should proceed in the Eastern District of Virginia. If Plaintiff fails to respond, or fails to show good cause, the action will be dismissed without prejudice.

(*Id.* at 3.) Plaintiff has responded and states:

> In response to this Court's question of jurisdiction of (Western District of Virginia), with all due respect, this Eastern District of Virginia is the proper venue to which Frederick County's fugitive warrant . . . is currently a lodged detainer here in the **State of West Virginia** not Western Virginia. (Winchester), Frederick County, Virginia is in the Eastern District of Virginia of which proper jurisdiction of this Honorable Court is proper.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotation from Plaintiff's submissions.

(ECF No. 4, at 1.) Plaintiff believes that Frederick County "is in the North Eastern part of the Commonwealth of Virginia." (*Id.*) However, Winchester and surrounding Frederick County are in the Western District of Virginia. Defendants reside in the Western District of Virginia, and the events giving rise to this action are alleged to have occurred in the Western District of Virginia. Thus, pursuant to 28 U.S.C. § 1391(b), venue is proper for this action in the Western District of Virginia and not in the Eastern District of Virginia.

As explained in the June 13, 2024 Memorandum Order, because Plaintiff has failed to show good cause why the action should proceed in the Eastern District of Virginia, the action will be DISMISSED WITHOUT PREJUDICE. If Plaintiff wishes to pursue his complaint, he should file it in the United States District Court for the Western District of Virginia, Harrisonburg Division.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

                                                  /s/
                                 David J. Novak
                                 United States District Judge

Richmond, Virginia
Dated: July 18, 2024